1

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7

8                          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    JOHN DOE,

10          Plaintiff,                        No. C 13-02710 JSW

11   v.

12   PRICEWATERHOUSECOOPERS HEALTH         **ORDER REGARDING MOTION**
     AND WELFARE BENEFIT PLAN; LIFE        **FOR LEAVE TO CONDUCT**
13   INSURANCE COMPANY OF NORTH            **DISCOVERY**
     AMERICA, et al.,
14
            Defendants.
15   _____/

16

17          Now before the Court is the motion filed by Plaintiff John Doe ("Plaintiff") for leave to

18   conduct discovery.  This matter is now fully briefed and ripe for decision.  The Court finds that

19   this matter is appropriate for disposition without oral argument and the matter is deemed

20   submitted.  *See* N.D. Civ. L.R. 7-1(b).  Accordingly, the hearing set for March 21, 2014 is

21   VACATED.  Having considered the parties' arguments, relevant legal authority, and having had

22   the benefit of oral argument, the Court grants in part and denies in part Plaintiff's motion for

23   leave to conduct discovery.[1]

24          Plaintiff brings this motion to conduct discovery regarding defendant Life Insurance

25   Company of North America's ("LINA") conflict of interest.  Plaintiff argues that there was an

26   apparent conflict of interest because LINA acted as both the funding source and the

27   administrator of the ERISA plan.  *See Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 111

28

[1] The Court sustains Defendants' objections to exhibits 5 and 6 to the Declaration of
Laurence D. Padway based on his lack of personal knowledge.  The Court overrules to
remainder of Defendants' objections.

United States District Court

For the Northern District of California

1  (2008) ("If a benefit plan gives discretion to an administrator or fiduciary who is *operating*

2  *under a conflict of interest*, that conflict must be *weighed as a factor* in determining whether

3  there is an abuse of discretion.") (emphasis in original, internal quotations omitted); *see also*

4  *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 965 (9th Cir. 2006) ("an insurer that

5  acts both as the plan administrator and the funding source for the plan operates under what may

6  be termed a structural conflict of interest").  Under *Glenn* and *Abatie*, a court must consider a

7  conflict of interest as a factor to be weighed in abuse of discretion review.  *Glenn*, 554 U.S. at

8  115-119; *Abatie*, 458 F.3d at 970.  In determining how much weight to give a conflict of

9  interest under the abuse of discretion standard, courts may consider evidence outside the

10 administrative record.  *Abatie*, 458 F.3d at 970 ("The district court may, in its discretion,

11 consider evidence outside the administrative record to decide the nature, extent, and effect on

12 the decision-making process of any conflict of interest; the decision on the merits, though, must

13 rest on the administrative record once the conflict (if any) has been established by extrinsic

14 evidence or otherwise."); *see also Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 949-50

15 (9th Cir. 2007).      In *Welch*, the court implicitly held that a plaintiff may conduct discovery

16 in order to show a conflict of interest.  In reviewing the district court's determination of

17 attorney's fees, the Ninth Circuit stated that, "[b]ecause an ERISA plaintiff may be permitted to

18 supplement the administrative record with evidence of a conflict of interest on the part of the

19 defendants, ... *some* discovery aimed at demonstrating a conflict of interest may have been

20 appropriate."  *Id*. at 949-50 (emphasis in original); *see also Gulledge v. Hartford Life &*

21 *Accident Ins. Co.*, 501 F. Supp. 2d 1280, 1283 (C.D. Cal. 2007) (citing *Welch* for the

22 proposition that conducting discovery regarding whether a conflict of interest existed is

23 appropriate).

24        LINA does not dispute that a structural conflict exists.  Based on this structural conflict

25 of interest, the Court finds that discovery into the scope of the conflict, as well as discovery

26 regarding the nature, extent, and effect of the conflict on the decision making process is

27 appropriate.  Nevertheless, the Court reminds Plaintiff that "such discovery must be narrowly

28

tailored and cannot be a fishing expedition." *Groom v. Standard Ins. Co.*, 492 F. Supp. 2d 1202, 1205 (C.D. Cal. 2007).

Plaintiff does make clear precisely what discovery he seeks regarding the conflict of interest, including information on Dr. Marcus J. Goldman and MERS.  To the extent the parties are unable to resolve disputes regarding specific discovery requests, pursuant to Civil Local Rule 72-1, the Court HEREBY REFERS this matter to a randomly assigned magistrate judge for resolution of such discovery disputes and for resolution of all discovery matters.

Plaintiff also seeks documents to ensure that the record is complete.  Pursuant to 29 U.S.C. § 1133, Plaintiff is entitled to a "full and fair review" of LINA's denial of his disability claim.  Providing a "full and fair review" requires that claimants be given access to all "information relevant to the claimant's claim for benefits."  *See* 29 C.F.R. § 2650.503-1(h)(2)(iii).  The regulations define "relevant" to mean all documents, records, or other information that:

> (i) Was relied upon in making the benefit determination;
> (ii) Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;
> (iii) Demonstrates compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination; or
> (iv) In the case of a group health plan or a plan providing disability benefits, constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination.

29 C.F.R. § 2650.503-1(m)(8).

LINA argues that it has provided the complete insurance policy, including all endorsements and the application.  However, the application is an unsigned, undated document.  To the extent LINA has not already done so, LINA shall produce a complete policy.  Plaintiff also seeks discovery on the policy holder and the "trust document," but has not shown that he has an entitlement to discover this information based on the limited discovery that is allowed in ERISA actions.  Nor can Plaintiff propound discovery "to establish the manner by which

3

discretion was retained." The plan documents will determine whether LINA retained discretion and what standard of review should be applied.

Plaintiff also seeks to discover LINA's internal claims policies and procedures. The Court finds that LINA should produce the portions of its policies and procedures, or other internal documents, to the extent such documents were (1) relied upon in making the benefit determination; (2) were submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination; or (3) constitute a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination. To the extent LINA is concerned with the disclosure of such documents to its competitors, LINA may submit these documents pursuant to a protective order and may file them pursuant to a request to keep such documents under seal in accordance with Northern District Local Civil Rule 79-5. If the parties are unable to agree on a protective order, the parties may raise their dispute with the magistrate judge assigned to resolve discovery disputes. If LINA does not have any internal documents which fall under any of these categories, LINA shall file a declaration under penalty of perjury attesting to this fact.

However, the Court notes that Plaintiff's motion appears to be overreaching. He seeks discovery on "whether or not [LINA] has the procedures required," on "changes in . . . procedures designed to improve them," and "of the monitoring of . . . procedures to determine whether or not they have actually resulted in improved claims handling." It is not clear what Plaintiff is requesting. However, to the extent LINA has internal documents that do not fall under the three categories enumerated above, Plaintiff is not entitled to discovery on such documents.

The Court therefore grants in part and denies in part Plaintiff's motion for leave to conduct discovery. As stated above, to the extent the parties cannot resolve specific discovery

///

///

disputes on the topics the Court has determined discovery is permissible, the parties shall

address such disputes with the assigned magistrate judge.

**IT IS SO ORDERED.**

Dated: March 14, 2014

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

cc:     Magistrate Referral Clerk

United States District Court

For the Northern District of California